

**MICHAEL C. BAXTER**
Oregon State Bar ID Number 91020
michael@baxterlaw.com
**JUSTIN M. BAXTER**
Oregon State Bar ID Number 99217
justin@baxterlaw.com
Baxter & Baxter LLP
8835 S.W. Canyon Lane, Suite 130
Portland, Oregon 97225
Telephone (503) 297-9031
Facsimile (503) 291-9172
Attorneys for Plaintiff Catibayan

FILED'09 DEC 11 14:22USDC-ORP

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON
(PORTLAND)     CV'09   1466     AC

MARIA CATIBAYAN,                                                      Case No.

              Plaintiff,

       v.

                                                              **COMPLAINT**

**EQUIFAX INFORMATION SERVICES**
**LLC**, a foreign corporation, and **KEYBANK,**
**NA,** a foreign corporation,                 Fair Credit Reporting Act (15 U.S.C. § 1681
                                                                          et seq.)

              Defendants.                            Demand for Jury Trial

_____

       Plaintiff alleges that at all times material:

                                         1.

       This court has jurisdiction under 15 U.S.C. § 1681p.

                                         2.

       Plaintiff Maria Catibayan ("plaintiff") is a consumer as defined by the Fair Credit

Reporting Act ("FCRA"), 15 U.S.C. § 1681a(c).

Page  1 –COMPLAINT

30567

3.

Defendant Equifax Information Services, LLC ("Equifax") is a consumer reporting agency as defined by the FCRA, 15 U.S.C. § 1681a(f).

4.

Defendant Key Bank NA ("Key Bank") is a person who furnishes information to consumer reporting agencies under the FCRA, 15 U.S.C. § 1681s-2.

5.

Plaintiff is a seventy six year old woman whose credit is extremely important to her. She is a customer of Key Bank. Plaintiff was a co-signer in 1991 for a Key Bank $500 line of credit for her daughter. At some point the account became delinquent. Key Bank did not contact plaintiff and notify her that her daughter's line of credit had become delinquent.

6.

Following plaintiff being denied credit, plaintiff discovered the delinquent Key Bank account on her credit report. To protect her credit, plaintiff paid off the account.

7.

On or about June 2007, Plaintiff disputed the Key Bank account #18238518 to Key Bank and to Equifax. Equifax contacted Key Bank regarding plaintiff's dispute. Key Bank and Equifax conducted investigations of plaintiff's dispute. Key Bank verified to Equifax that the account information Equifax was reporting was accurate. Key Bank and Equifax failed to conduct a reasonable investigations and as a result false information continued to be reported on plaintiff's credit report.

8.

On or about August 2008, plaintiff disputed to Key Bank and Equifax a second time, again

Page 2 –COMPLAINT

indicating that the Key Bank account #18238518 had been paid in full on July 2007. Equifax and Key Bank conducted investigations of plaintiff's dispute. In September 2008, Key Bank verified to Equifax that the information being reported was accurate and Equifax continued to report the false information on plaintiff's credit report.

9.

On or about June 2009, plaintiff disputed the account a third time to Key Bank and Equifax, stating again that the account had been paid in full in July 2007. Key Bank and Equifax conducted investigations of plaintiff's dispute. Once again, Key Bank and Equifax failed to conduct reasonable investigations and the false, derogatory information was verified as belonging to plaintiff.

10.

In October 2009, plaintiff disputed a fourth time the false derogatory information being reported by Equifax on her credit report regarding the Key Bank account. Once again, Key Bank and Equifax failed to conduct reasonable investigations and the false, derogatory information was verified as belonging to plaintiff.

11.

Throughout this period Equifax provided false information regarding plaintiff to companies throughout the country. At no time did Key Bank inform Equifax that plaintiff was disputing the validity of the derogatory information directly to Key Bank.

///

///

FIRST CLAIM FOR RELIEF

(FCRA - 15 U.S.C. § 1681n)

(Equifax)

12.

Plaintiff realleges paragraphs 1- 11 as if fully set forth herein.

13.

Equifax willfully failed to comply with the requirements imposed under the FCRA, 15

U.S.C. §1681 et seq., including but not limited to:

a)    failing to follow reasonable procedures to assure maximum possible accuracy of

the information in consumer reports, as required by 15 U.S.C. §1681e(b); and

b)    failing to comply with the reinvestigation requirements in 15 U.S.C. §1681i.

14.

As a result of Equifax's violations of the FCRA, plaintiff has suffered, continues to suffer,

and will suffer future damages, including denials of credit, paranoia, lost opportunity to receive

credit, damage to reputation, worry, distress, frustration, embarrassment and humiliation, all to

her damages, in an amount to be determined by the jury.

15.

Plaintiff is entitled to punitive damages in an amount to be determined by the jury.

16.

Plaintiff is entitled to actual damages in an amount to be determined by the jury in addition

to any statutory damages in an amount to be determined by the Court.

17.

Plaintiff is entitled to her attorney fees, pursuant to 15 U.S.C. § 1681n(a).

Page  4 –COMPLAINT

SECOND CLAIM FOR RELIEF

(FCRA - 15 U.S.C. § 1681o)

(Equifax)

18.

Plaintiff realleges paragraphs 1 - 11 as if fully set forth herein.

19.

Equifax negligently failed to comply with the requirements imposed under the FCRA,

including but not limited to:

a)    failing to follow reasonable procedures to assure maximum possible accuracy of

the information in consumer reports, as required by 15 U.S.C. §1681e(b); and

b)    failing to comply with the reinvestigation requirements in 15 U.S.C. §1681i.

20.

As a result of Equifax's violations of the FCRA, plaintiff has suffered, continues to suffer

and will suffer future damages, including denial of credit, paranoia, lost opportunity to receive

credit, damage to reputation, worry, distress, frustration, embarrassment and humiliation, all to

her damages, in an amount to be determined by the jury.

21.

Plaintiff is entitled to actual damages in an amount to be determined by the jury.

22.

Plaintiff is entitled to her attorney fees, pursuant to 15 U.S.C. § 1681o(a).

///

///

///

Page 5 –COMPLAINT

THIRD CLAIM FOR RELIEF

(15 U.S.C. § 1681n)

(FCRA – Against Key Bank)

23.

Plaintiff realleges paragraphs 1 - 11 as if fully set forth herein.

24.

As a result of the conduct alleged in paragraphs 1- 11, Key Bank willfully failed to comply with the investigation requirements of the FCRA to conduct a reasonable investigation, 15 U.S.C. § 1681s-2(b).  Plaintiff seeks damages pursuant to 15 U.S.C. § 1681n.

25.

As a result of Key Bank's violations of the FCRA, plaintiff has suffered damages, including the lost opportunity to receive credit, denials of credit, paranoia, damage to her reputation, worry, fear, distress, frustration, embarrassment and humiliation, all to her present and future damages, in an amount to be determined by the jury, in addition to any statutory damages in an amount to be determined by the Court.

26.

Plaintiff is entitled to actual damages in an amount to be determined by the jury.

27.

Plaintiff is entitled to punitive damages in an amount to be determined by the jury.

28.

Plaintiff is entitled to her attorney fees, pursuant to 15 U.S.C. § 1681o(a).

///

///

Page  6 –COMPLAINT

FOURTH CLAIM FOR RELIEF

(FCRA - 15 U.S.C. § 1681o)

(Against Key Bank)

29.

Plaintiff realleges paragraphs 1 - 11 as if fully set forth herein.

30.

As a result of the conduct alleged in paragraphs 1-11, Key Bank negligently failed to comply with the investigation requirements of the FCRA to conduct a reasonable investigation, 15 U.S.C. § 1681s-2(b). Plaintiff seeks damages pursuant to 15 U.S.C. § 1681n.

31.

As a result of Key Bank's violations of the FCRA, plaintiff has suffered damages, including the lost opportunity to receive credit, paranoia, denials of credit, damage to her reputation, worry, fear, distress, frustration, embarrassment and humiliation, all to her present and future damages, in an amount to be determined by the jury.

32.

Plaintiff is entitled to actual damages in an amount to be determined by the jury.

33.

Plaintiff is entitled to her attorney fees, pursuant to 15 U.S.C. § 1681o(a).

PRAYER

Plaintiffs demand a jury trial on all claims. Wherefore plaintiff Maria Catibayan prays for a judgment as follows:

1.      On Plaintiff's First Claim for Relief for willful violations of the FCRA against Defendant Equifax:

Page 7 –COMPLAINT

a.     Actual damages in an amount to be determined by the jury;

b.     Punitive damages in an amount to be determined by the jury; and

c.     Statutory damages as determined by the court; and

d.     Attorney fees and costs.

2.     On Plaintiff's Second Claim for Relief for negligent violations of the FCRA against Defendant Equifax:

a.     Actual damages in an amount to be determined by the jury; and

b.     Attorney fees and costs.

3.     On Plaintiff's Third Claim for Relief for willful violations of the FCRA against Defendant Key Bank:

a.     Actual damages in an amount to be determined by the jury;

b.     Punitive damages in an amount to be determined by the jury; and

c.     Statutory damages as determined by the court; and

d.     Attorney fees and costs.

4.     On Plaintiff's Fourth Claim for Relief for negligent violations of the FCRA against Defendant Key Bank:

a.     Actual damages in an amount to be determined by the jury;

b.     Attorney fees and costs.

5.     On All Claims for Relief, costs and expenses incurred in this action.

DATED this 10th day of December, 2009.

/s/ Michael C. Baxter

Michael C. Baxter, OSB # 910203
michael@baxterlaw.com
Justin M. Baxter, OSB # 992178
justin@baxterlaw.com
Telephone (503) 297-9031
Facsimile (503) 291-9172
Attorneys for Plaintiff

Page 9 –COMPLAINT